[Civ. No. 6602. Second Appellate District, Division One.—September 23, 1931.]

THE KIPP SUPPLY COMPANY (a Corporation), Appellant, v. RICHFIELD OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Bailie, Turner & Lake for Appellant.

Rohe & Freston for Respondents.

YORK, J.—This is an action in conversion to recover the value of certain oil-well machinery and equipment. At the trial of the cause the plaintiff presented its case, and at the conclusion thereof, defendants made a motion for a nonsuit, which motion was granted. From the judgment based thereon this appeal is taken by the plaintiff.

The facts involved in the controversy are these: The plaintiff sold on conditional sales contract to C. P. Harrel on February 4, 1925, a lot of machinery and equipment to be used in oil-drilling operations upon certain real property situated in Athens; and under date of March 2, 1925, sold another lot of similar equipment under a like contract to E. E. Short, which was delivered to another parcel of land situated in the city of Los Angeles, upon which latter parcel a party named Brice owned an oil lease. Said Brice, on March 11, 1925, assigned his interest in the oil lease to John

W. Henderson and made an agreement with him, whereby Henderson was to drill upon the property in return for a percentage of the oil produced, the contract reciting that Brice had made arrangements to secure and pay for out of oil, etc., certain drilling equipment. A similar agreement was made between Harrel and Henderson as regards the parcel of land in Athens. Henderson then assigned his interests to the Henderson Petroleum Company on March 28, 1925, which company in turn assigned all its property and assets to the Richfield Oil Company on October 21, 1926, and was later officially dissolved by a decree of court. Meantime, on May 14, 1926, the plaintiff corporation made an assignment of its assets for the benefit of creditors, reserving to itself any surplus after satisfaction of creditors.

The complaint herein alleged that during the period of ownership of the various pieces of machinery and equipment by the plaintiff, and on or about July 1, 1925, the Henderson Petroleum Corporation and John W. Henderson, being then in possession of all of said personal property and with full knowledge of plaintiff's ownership and right of possession thereof, unlawfully and without consent of the plaintiff, converted the same to their own use and disposed thereof to the defendant Richfield Oil Company.

The answer of defendants denied knowledge or notice of any right or interest of the plaintiff in or to the said personal property and alleged that the plaintiff, by its own negligence, clothed said Short and Harrel with all *indicia* of ownership and title in and to the said personal property, allowing them to treat the property as their own, and to deceive and defraud the defendants by the assertion that they (the said Short and Harrel) were the owners of said property, free and clear of any lien or encumbrance thereon in favor of any person; and that, for a good and valuable consideration in hand paid to them by the Henderson Petroleum Corporation, they (the said Short and Harrel) duly and regularly executed a bill of sale to said personal property.

The motion for nonsuit contained four grounds, but upon this appeal these have been abandoned by respondent, with the exception of one ground, to wit: "That the conversion of the defendants has not been proven and that no unlawful

or improper or illegal dominion has been exercised by the defendants or any of them over the property.''

Various documents—including the two conditional sales contracts—were introduced in evidence, whereby it was shown that title and right of possession to the equipment here involved was to remain in plaintiff until fully paid for; that the equipment was to be used for the purpose of drilling a well on the premises described and not for the purpose of resale or any other purpose, and that in case of a violation of any of the covenants, terms or conditions of said agreement, the plaintiff could take possession of said property without previous notice or demand of performance. While the evidence conclusively shows that Henderson assigned his interest in the oil-wells to the Henderson Petroleum Corporation, and that that company assigned all of its assets to the Richfield Oil Company, there is no evidence of any assignment of either of the conditional sales contracts by Short or Harrel to the defendants. The president of the plaintiff corporation testified that he did not know where the equipment was located at the time of trial, although it was stipulated in the course of the trial that the Richfield Oil Company had been in full possession and control of the said equipment since on or about November 1, 1926.

 The terms of the conditional sales contracts prohibited the resale of any of this property and we are of the opinion that there was sufficient evidence adduced by plaintiff tending to prove a conversion by defendants, which would justify the submission of the case to the trial court. The motion for nonsuit was therefore improperly granted.

The judgment is reversed and the cause remanded for further trial.

Conrey, P. J., and Houser, J., concurred.